UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-281-H

DEBRA PHILLIPS                                                                                      PLAINTIFF

V.

SOUTHERN GRAPHIC SYSTEMS, et al.                                                   DEFENDANTS

**MEMORANDUM OPINION**

Defendants removed this employment discrimination case to federal court on the grounds that Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA") preempted Plaintiff's claims. Plaintiff has now moved to remand asserting that her complaint stated only claims under the Kentucky Civil Rights laws. The resulting dispute is one which this Court is frequently called upon to resolve.[1] Here, the Court will order remand because proof of Plaintiff's state civil rights claims does not require interpretation of the existing collective bargaining agreement.

Federal question jurisdiction in the area of federal labor law can be confusing. *See Tisdale v. United Ass'n. of Journeymen*, 25 F.3d 1308, 1309 (6th Cir.1994). The Court must consider both the well-pleaded complaint rule and the "complete preemption" doctrine, which allows for removal even if, when viewing the face of the complaint, the Court could conclude the plaintiff's claims appear to arise only under state law. *See Caterpillar Inc. v. Williams*, 482 U.S.

---

[1] Defendants have simultaneously filed a motion to dismiss to which Plaintiff has objected. The Court will consider the jurisdictional issue first in this Memorandum Opinion.

386, 392-93 (1987).  As the Sixth Circuit stated in *Tisdale*, "[f]ederal law has monopolized certain aspects of labor relations, but where a suit does not center on the terms of a labor contract (collective bargaining agreement, union constitution, or other) it is not preempted because it is not within the arena of labor relations which Congress has nationalized." 25 F.3d at 1310-11. However, "When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has chosen to plead what we have held must be regarded as a federal claim and removal is at the defendant's option." *Id.* at 1311 (quoting *Caterpillar*, 482 U.S. at 398-99).  After summarizing the well-pleaded complaint rule, the Court will turn to preemption under § 301 of the LMRA.

Defendants may remove a civil action to federal court if it is one that Plaintiff could properly bring in federal court. 28 U.S .C. § 1441.  Plaintiff's complaint must indicate proper subject matter jurisdiction based on either diversity or a federal question.  A defense based on federal law is not sufficient to justify removal. This notion is the basis of the well-pleaded complaint rule. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908).  "The rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

Concededly Plaintiff's complaint states only claims under state law, although she alleges that some of Defendants' actions also violate existing Articles of Agreement between Defendant and Local 619M of the Graphic Communications International Union (hereafter referenced as the "CBA").  Nowhere on the face of the complaint does Plaintiff invoke a federal law, state a federal claim or assert that the parties are diverse.  Nevertheless, federal labor law jurisprudence requires the Court to look behind the complaint and address whether the mention of the CBA

creates a federal question from the inception of this case.

"Ordinarily federal preemption is raised as a defense to allegations in a plaintiff's complaint." *Id.* "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (emphasis in original). An exception to this rule regarding preemption as sufficient grounds for removal, however, has developed in the area of federal labor law.

Section 301(a) of the LMRA states

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Congress enacted Section 301 to give courts jurisdiction to enforce collective bargaining agreements and to compel uniformity in the application of federal labor law. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456-57 (1957). However, not every dispute between an employee and his employer requires federal labor law for its resolution.

In *Allis-Chalmers Corp. v. Lueck*, the Supreme Court held that when the resolution of a state law claim is substantially dependent on an analysis of the terms of a collective bargaining agreement, the claim is preempted and federal labor law applies. 471 U.S. 202, 220 (1985). If the claim is one based solely on terms of the collective bargaining agreement, the preemption power of Section 301 is "complete," so that "any claim purportedly based on [a] pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."

*Caterpilla*r, 482 U.S. at 393 (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 24 (1983)). However, interpretation of the collective bargaining agreement is a necessary element of this complete preemption. *See Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *Caterpilla*r, 482 U.S. at 394-95.

In *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir.1994), the Sixth Circuit adopted a two-step approach for determining whether Section 301 preemption applies. First, the court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement provisions. *Id.* Second, the court must determine whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. *Id.* "If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption. However, if neither or only one criterion is satisfied, section 301 preemption is warranted." *Id.* That the CBA may provide a right parallel to that created in state law is not sufficient to invoke preemption under Section 301. *See Lingle,* 486 U.S. at 408-409.

The Court finds that Plaintiff's complaint asserts claims solely under the Kentucky Civil Rights laws. Plaintiff's rights under those laws exist independently of her contractual rights under the CBA. Even though Plaintiff's complaint states that Defendants violated the CBA, proof of that fact is entirely unnecessary for Plaintiff to successfully pursue her state law discrimination claims. To prove the elements of those claims, Plaintiff need not interpret the CBA nor prove that Defendant violated its terms. Plaintiff's claims do not find their genesis in the CBA. To the extent Defendants' defense invokes the terms of the CBA, the Sixth Circuit has clearly held in *DeCoe*, *supra*, that such a defense does not create preemption.

The Court concludes that proof of Plaintiff's purely state law discrimination claims do not require interpretation of the Collective Bargaining Agreement and, therefore, § 301 of the LRMA does not preempt those claims. The Court will enter an order consistent with this Memorandum Opinion.

cc: Counsel of Record